UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CODY LEE MCKIE, | ) | Case No. 2:10-CV-0218-JAM-DAD |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION FOR JUDGMENT ON THE |
| v. | ) | PLEADINGS |
| | ) | |
| CITY OF ROCKLIN; ROCKLIN POLICE | ) | |
| DEPARTMENT; CHIEF MARK SIEMANS, | ) | |
| individually and in his official | ) | |
| capacity as the chief of the | ) | |
| ROCKLIN POLICE DEPARTMENT; | ) | |
| OFFICER ANTHONY HANDLEY, | ) | |
| individually and in his official | ) | |
| capacity as a Rocklin Police | ) | |
| Officer; and DOES 1 through 50, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Defendants' City of

Rocklin ("the City") (also sued herein as Rocklin Police

Department), Chief Mark Siemens ("Siemens") and Cpl. Anthony

Handley ("Handley") (collectively "Defendants") Motion for Judgment

on the Pleadings (Doc. 10).  Defendants seek judgment on the

Complaint (Doc. 1) filed by Plaintiff Cody Lee McKie ("Plaintiff").

1  Plaintiff partially opposes the motion.[1] For the reasons set forth

2  below, Defendants' motion is GRANTED.

3

4                I.   FACTUAL AND PROCEDURAL BACKGROUND

5        Plaintiff's Complaint alleges that he was shot in the foot by

6  Handley, while at an open loading bay on the premises of the

7  Rocklin Kmart Store.  The Complaint alleges that the shooting

8  occurred at approximately 12:30 a.m. on June 25, 2009, when the

9  store was closed.  Plaintiff was standing in a bent over position

10 when Handley drew his service weapon and shot Plaintiff.  Handley

11 was backed up by a second officer who drew her taser.  Plaintiff

12 was taken to the hospital by paramedics.  Plaintiff now brings two

13 claims for relief under 42 U.S.C. § 1983 for excessive force in

14 violation of the fourth amendment, a claim for negligence and a

15 claim for violation of California Civil Code § 52.1.

16       In addition to the limited factual allegations in Plaintiff's

17 Complaint, judicially noticeable documents show that Handley was

18 responding to a silent alarm from the store, when he discovered

19 Plaintiff.  Plaintiff was then arrested and charged with burglary

20 and receiving stolen property.  Plaintiff brought a motion, in

21 State Court, to suppress the evidence obtained on the basis that

22 Handley used excessive force in violation of Plaintiff's Fourth

23 Amendment rights.  The motion to suppress was argued and denied,

24 and Plaintiff ultimately plead guilty to the criminal charges.

25       After Plaintiff filed the Complaint, Defendants filed an

26 Answer.  Additionally, the parties filed a stipulation to remove

27 _____

28 [1] This motion was determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).

1  from the Complaint all references to punitive damages.  Defendants

2  now move the Court for judgment on the pleadings on all four claims

3  for relief.  Plaintiff only opposes granting judgment on the

4  pleadings for the second and third claims for relief.

5

6                            II.  OPINION

7       A.  <u>Legal Standard</u>

8       Federal Rule of Civil Procedure 12(c) authorizes motions for

9  judgment on the pleadings.  "After pleadings are closed – but early

10 enough not to delay trial – a party may move for judgment on the

11 pleadings."  Fed. R. Civ. P. 12(c).  Judgment on the pleadings is

12 properly granted when there is no issue of material fact in

13 dispute, and the moving party is entitled to judgment as a matter

14 of law.  <u>Fleming v. Pickard, et al.</u>, 581 F.3d 922, 925 (9th Cir.

15 2009) (<u>citing</u> <u>Heliotrope Gen. Inc. v. Ford Motor Company</u>, 189 F.3d

16 971, 979 (9th Cir. 1999).  A motion for judgment on the pleadings

17 is equivalent to a Rule 12(b)(6) motion to dismiss for failure to

18 state a claim upon which relief can be granted and the standard of

19 review is the same.  <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896

20 F.2d 1542, 1550 (9th Cir. 1990).

21      In deciding a motion for judgment on the pleadings the court

22 must accept all the allegations in the complaint as true and

23 construe them in the light most favorable to the non-moving party.

24 <u>Id.</u>  However, conclusory allegations and unwarranted inferences are

25 insufficient to defeat a motion for judgment on the pleadings.  <u>In</u>

26 <u>re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

27      It must appear beyond doubt that the plaintiff can prove no

28 set of facts in support of his claim which would entitle him to

1  relief.   Sun Savings and Loan Ass'n v. Dierdorff, 825 F.2d 187, 191

2  (9th Cir. 1987).

3          In addition to considering the allegations of the
           complaint, like a motion under Rule 12(b)(6), the
4          court may also take into account materials to which it
           can take judicial notice.  A Rule 12(c) motion for
5          judgment on the pleadings may consequently be granted
           if, after assessing both the complaint, plus matters
6          for which judicial notice is proper, it appears beyond
           doubt that the non-moving party cannot prove any facts
7          that would support his claim for relief.

8  Morgan v. County of Yolo, 436 F.Supp.2d 1152, 1155 (E.D. Cal. 2006)

9  (internal citations omitted).

10        Defendants' request the Court take judicial notice of three

11 documents: the transcript of Plaintiff's preliminary examination in

12 Placer County Superior Court, the October 9, 2009 Placer County

13 Superior Court ruling on the motion to suppress and the judgment

14 order from the case.  (Doc. 12).  Defendants' request for judicial

15 notice is unopposed and is granted pursuant to Federal Rule of

16 Evidence 201.

17        B.   Claims for Relief

18             1. Violation of 42 U.S.C. § 1983, First Claim for Relief

19        Plaintiff asserts a 42 U.S.C. § 1983 claim against Defendants

20 on the grounds that Defendants used excessive force against him

21 when Handley shot him in the foot prior to arresting him.

22 Plaintiff alleges that the shooting violated Plaintiff's Fourth

23 Amendment right of due process and right to be free of excessive

24 force by police officers.  Defendants argue that collateral

25 estoppel bars further litigation of this claim.

26

27

28

1    To prevail in a § 1983 civil action against state actors for

2  the deprivation of:

> rights, privileges, or immunities secured by the
> Constitution and laws, a plaintiff must show that (1)
> acts by the defendants (2) under color of state law
> (3) deprived him of federal rights, privileges or
> immunities and (4) caused him damage.  Section 1983 is
> not itself a source of substantive rights, but merely
> provides a method for vindicating federal rights
> elsewhere conferred.  Accordingly, the conduct
> complained of must have deprived the plaintiff of some
> right, privilege or immunity protected by the
> Constitution or laws of the United States.

9    Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th

10  Cir. 2005) (internal citations omitted).

> The doctrine of collateral estoppel, or issue
> preclusion, prevents re-litigation of legal and/or
> factual issues necessarily considered and determined
> in a prior legal proceeding between the same parties,
> or their privies.  The collateral estoppel doctrine
> applies with equal force to claims brought under §
> 1983.  Whether collateral estoppel applies in a given
> case is primarily a legal question.  State law governs
> the application of collateral estoppel to issues that
> were decided in a prior state court proceeding.  Under
> California law, collateral estoppel is applied where
> (1) the issue sought to be precluded is identical to
> that which was decided in a prior proceeding; (2) that
> issue was actually litigated and necessarily decided
> in that proceeding; (3) there was a final judgment on
> the merits; and (4) that party against whom collateral
> estoppel is asserted was a party or in privity with a
> party to the prior proceeding.

21  Harvey v. City of Fresno, 2010 WL 892114, *8 (E.D. Cal. Mar. 9,

22  2010) (internal citations omitted).  The doctrine of collateral

23  estoppel may apply in a civil action to issues determined in a

24  prior motion to suppress ruling.  Ayers v. City of Richmond, 895

25  F.2d 1267, 1271 (9th Cir. 1990).

26    Defendants argue that they are entitled to judgment on the

27  pleadings in the first claim for relief, because Plaintiff's first

28  claim was already fully litigated and decided by the State Court at

1  the suppression hearing for his criminal case.  The judge in that

2  case determined that Handley acted reasonably and did not violate

3  the Fourth Amendment.  See Ruling, pp. 83-85 (Doc. 12, Exhibit B).

4  In his opposition brief, Plaintiff did not raise any arguments in

5  opposition to Defendants' collateral estoppel argument.  Plaintiff

6  conceded the first claim, instead arguing that even though the

7  first and fourth claims are barred by collateral estoppel, he can

8  still maintain the remaining two claims for relief.

9       After carefully reviewing the papers on this issue, the Court

10  finds Defendants' arguments on the first claim for relief have

11  merit.  Each element necessary for collateral estoppel is met.

12  Accordingly, Defendants' motion for judgment on the pleadings is

13  GRANTED for the first claim for relief.

14            2. Violation of 42 U.S.C. § 1983, Second Claim for Relief

15       Plaintiff's second claim for relief is also a claim raised

16  under 42 U.S.C. § 1983.  The second claim is brought against

17  Defendants Siemens and the City, alleging that they failed to

18  properly train and supervise their subordinate officers (including

19  Handley), and failed to properly define the Rocklin Police

20  Department's use of force policy.  Plaintiff alleges that

21  Defendants violated Plaintiff's constitutional rights, causing

22  injury to Plaintiff.

23       Municipal governments may only be sued under §1983 for their

24  unconstitutional or illegal policies.  Cities may not be sued for

25  the acts of their employees.  Monell v. Department of Social

26  Services, 436 U.S. 658, 694 (1978) (holding that "a local

27  government may not be sued under § 1983 for an injury inflicted

28  solely by its employees or agents.  Instead, it is when execution

1    of a government's policy or custom, whether made by its lawmakers

2    or by those whose edicts or acts may fairly be said to represent

3    official policy, inflicts the injury that the government as an

4    entity is responsible under § 1983").  A plaintiff may also

5    establish <u>Monell</u> liability by showing that "[a] local governmental

6    entity's failure to train its employees . . . 'amounts to

7    deliberate indifference to the rights of persons' with whom those

8    employees are likely to come into contact." <u>Lee v. City of Los</u>

9    <u>Angeles,</u> 250 F.3d 668, 681 (9th Cir. 2001) (<u>quoting</u> <u>City of Canton</u>

10   <u>v. Harris</u>, 489 U.S. 378, 388 (1989)).

11        The second claim for relief is predicated on the Court finding

12   that a constitutional violation was committed.  However, because

13   the first claim for relief is barred by collateral estoppel, the

14   second claim for relief also fails.  The State Court in the

15   criminal proceeding found that Handley did not violate Plaintiff's

16   Fourth Amendment rights, and Plaintiff has conceded that he cannot

17   re-litigate the issue.  The Complaint makes no allegations of any

18   constitutional violations beyond the previously discussed Fourth

19   Amendment violation.  Accordingly, Siemens and the City cannot be

20   held liable under § 1983, as there is no underlying constitutional

21   violation.  Thus, judgment on the pleadings, in Defendants' favor,

22   is granted for this claim.

23        3. <u>Negligence, Third Claim for Relief</u>

24        The Complaint alleges that Defendants owed Plaintiff a duty of

25   care, were negligent in their actions and caused Plaintiff injury.

26   Defendants argue that they are entitled to judgment on the

27   pleadings for this claim, because it is also barred by the state

28   court ruling.  "The elements of a cause of action for negligence

7

are (1) a legal duty to use reasonable care, (2) breach of that
duty, and (3) proximate cause between the breach and (4) the
plaintiff's injury.  The existence of a legal duty to use
reasonable care in a particular factual situation is a question of
law for the court to decide."  Harvey, 2010 WL 892114 at *15
(dismissing negligence claim based on arrest, when the State Court
had already determined probable cause for arrest) (internal
citations omitted).  The State Court decided that Handley acted
reasonably and did not use excessive force.  Therefore, Defendants
argue litigation of the negligence claim based on unreasonable
action is barred.

Plaintiff argues that the negligence claim is not based on
excessive force, rather it is based on Defendants' failure to
follow policies and procedures, which may have proximately caused
Plaintiff's injuries.  Though Plaintiff states that the negligence
claim is not based on excessive force, as Defendants' note, the
only act complained of throughout the complaint is Handley's
shooting of McKie in the foot.  Having determined that collateral
estoppel bars litigation of the underlying use of force claim, the
remaining claims that derive from the use of force claim are
likewise barred.

Plaintiff cites Daughtery v. Wilson, 2009 WL 25796070 (S.D.
Cal. Aug. 18 2009) for the proposition that a negligence claim
accompanying a constitutional claim should not be dismissed if only
the constitutional claim was previously decided.  However,
Daughtery is distinguishable from the case at hand, because the
alleged negligence claim in Daughtery was based on failure to
provide medical care following the plaintiff's arrest.  Therefore,

1   though re-litigation of the constitutionality of the arrest was

2   barred, the negligence claim arose from a separate action and was

3   therefore not barred by collateral estoppel.  In this case, the

4   allegations of the complaint clearly show that the negligence claim

5   directly stems from the use of force and policies surrounding use

6   of force.  No policies distinct from the use of force issue are

7   alleged.  Each claim in the complaint derives from Handley's use of

8   force.  Accordingly, as the use of force issue has already been

9   fully litigated, and Handley found to have acted reasonably,

10  judgment on the pleadings is granted in Defendants' favor for the

11  third claim for relief.

12              4. Violation of California Civil Code § 52.1, Fourth
                   Claim for Relief
13

14         California Civil Code § 52.1 prohibits interference with

15  rights provided by the United States Constitution or the California

16  Constitution.  Section 52.1 authorizes damage awards for

17  constitutional violations carried out by means of threat,

18  intimidation or coercion.  Plaintiff's fourth claim for relief

19  alleges that Defendants interfered with Plaintiff's Fourth

20  Amendment rights and rights under Article 1, Section 13 of the

21  California Constitution.  Article 1, Section 13 of the California

22  Constitution contains language that is identical to that of the

23  Fourth Amendment.  Accordingly, Defendants argue that this claim is

24  also barred by collateral estoppel, because the state court found

25  that no Fourth Amendment violation occurred.  Absent an underlying

26  constitutional violation, this claim must be dismissed.

27  Plaintiff's opposition brief raised no arguments in opposition to

28  Defendants' motion for judgment on the pleadings for this claim,

and the Court finds that Defendants' arguments have merit.
Accordingly, Defendants' motion for judgment on the pleadings is
granted for the fourth claim for relief.


## III. ORDER

For the reasons set forth above, Defendants' motion for
judgment on the pleadings is hereby GRANTED, WITH PREJUDICE.

IT IS SO ORDERED.

Dated: November 9, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE